UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TYRONE BURTON,<br>    Plaintiff,<br>v.<br>C. T. SILVA, et al.,<br>    Defendants. | Case No. 21-cv-02581-EMC<br><br>**ORDER OF SERVICE**<br>Docket No. 1 |

## I. INTRODUCTION

Derek Tyrone Burton, a prisoner at the R.J. Donovan Correctional Facility in San Diego, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of an incident that occurred at Salinas Valley State Prison ("SVSP"). *See* Docket No. 1. Before the Court's review, Mr. Burton sought leave to file an amended complaint. *See* Docket No. 4. Leave was granted, Docket No. 8, and Mr. Burton timely filed his amended complaint ("FAC"), Docket No. 11.

The FAC is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the Court orders Defendants to respond to the FAC.

## II. BACKGROUND

Mr. Burton alleges the following in the FAC:

Mr. Burton suffers from a mobility impairment which, among other things, prevents him from climbing stairs. *See* FAC at 3-4. Because of this disability, he normally is transported by a van with a lift, rather than by bus. *See id*. at 4. He also walks with a cane. *See id*.

On September 6, 2019, Mr. Burton was scheduled to be transferred from SVSP. *See id*. at 3. He "was informed he would be put on a prison bus and not a van." *Id*. Mr. Burton informed

the Defendants, Sergeant Gomez and Correctional Officers Silva and Reamer, that he needed to be transported by van rather than by bus because he could not climb the stairs to a bus. *See id*. at 3-4. Upon Defendants' disbelief, Mr. Burton sought confirmation from non-defendant Nurse Villanueva that he was not supposed to be transported by bus because he could not climb the stairs. *See id*. at 4. Nurse Villanueva confirmed the medical restriction, and informed Defendants of the restriction. *See id*. She then left. *See id.*

After Nurse Villanueva left, Mr. Burton asked if Defendants had received the necessary confirmation that he was unable to climb stairs. *See id*. Defendants ordered Mr. Burton to board the bus, threatening him with a disciplinary charge and confiscation of his property if he refused. *See id*. Mr. Burton crawled up the bus steps on his hands and knees "while Defendants looked on and rendered no aid." *Id*.

When the bus arrived at its destination, Mr. Burton attempted to disembark, "struggling with the cane." *Id*. "[W]hile going down the stairs of the bus," Mr. Burton's "left foot popped and left leg went out." *Id*. Mr. Burton was injured during, and now requires physical therapy and must permanently wear ankle and foot support. *See id*.

### III.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The "'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.*

To establish an Eighth Amendment claim on a condition of confinement, such as an excessive risk to health or safety, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) that the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See id.* at 834. The objective prong may be satisfied by the existence of a serious medical need if the failure to address that need "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* There must be "harm caused by the indifference," although the harm does not need to be substantial. *See Jett*, 439 F.3d at 1096.

Mr. Burton sufficiently alleges an Eighth Amendment claim for deliberate indifference against Defendants. Mr. Burton identifies a serious medical need, recognized by a doctor, to avoid stairs because of his disability. Mr. Burton alleges that he informed all three Defendants of this need, and had it confirmed by a nurse, and that Defendants still required him to climb stairs to board a bus. Mr. Burton alleges that as a result of Defendants' deliberate indifference – the quite obvious need to come down a set of stairs once one has gone up – he suffered an injury. Mr.

3

Burton thus pleads facts to satisfy all requirements of an Eighth Amendment claim.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendants, all of whom appear to work at Salinas Valley State Prison, shall be served: Sergeant Gomez and Correctional Officers Silva and Reamer.

2. Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the First Amended Complaint (Docket No. 15); this order of service; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the First Amended Complaint and Reply for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 31, 2021**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case

4

cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **February 11, 2022**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants **shall** file a reply brief no later than **February 25, 2022**.

 6. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, it is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

 7. All communications by Plaintiff with the Court must be served on defense counsel by mailing a true copy of the document to defense counsel. The Court may disregard any

5

document which a party files but fails to send a copy of to his opponent.  Until defense counsel has been designated, Plaintiff may mail a true copy of the document directly to each individual defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.**

9. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: October 14, 2021

_____
EDWARD M. CHEN
United States District Judge